| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Matthew A. Lesnick (CA Bar No. 177594)<br>Lesnick Prince LLP<br>185 Pier Avenue, Suite 103<br>Santa Monica, CA 90405<br>Telephone: (310) 396-0964; Fax: (310) 396-0963<br>Email: matt@lesnickprince.com<br>*Attorney for* Plaintiff Yogesh Dhawan | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>    MANMOHAN S. BIRING,<br><br>                                                Debtor(s). | |
| YOGESH DHAWAN,<br>                                                Plaintiff<br>    v.<br>MANMOHAN S. BIRING,<br>                                                Defendant | CHAPTER:   7<br>CASE NO.:   2:07-bk-21006 SB<br>ADV. NO.:   2:08-ap-01172 SB<br>DATE:   April 27, 2010<br>TIME:   11:00 a.m.<br>PLACE:   Courtroom 1575 |

# JOINT STATUS REPORT
## LOCAL BANKRUPTCY RULE 7016-1(a)(2)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The parties submit the following JOINT STATUS REPORT in accordance with Local Bankruptcy Rule 7016-1(a)(2):

**A.    PLEADINGS/SERVICE:**

1. Have all parties been served?  ☒ Yes ☐ No

2. Have all parties filed and served answers to the complaint/ counter-complaints/etc.?  ☒ Yes ☐ No

3. Have all motions addressed to the pleadings been resolved?  ☒ Yes ☐ No

4. Have counsel met and conferred in compliance with Local Bankruptcy Rule 7026-1  ☒ Yes ☐ No

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES", then please explain below *(or on attached page)*:

*(Continued on next page)*

Case 2:08-ap-01172-PC    Doc 23    Filed 04/23/10    Entered 04/23/10 15:30:15    Desc
Main Document      Joint Status Report   Page 2    Page 2 of 7

F 7016-1.1

| In re | | CHAPTER 7 |
|---|---|---|
| MANMOHAN S. BIRING, | | CASE NO.: 2:07-bk-21006 SB |
| | Alleged Debtor(s). | ADV. NO.: 2:08-ap-01172 SB |

**B.    READINESS FOR TRIAL:**

    1.    When will you be ready for trial in this case?

| Plaintiff | Defendant |
|---|---|
| See Section H | See Section H |

    2.    If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.

| Plaintiff | Defendant |
|---|---|
| See Section H. | See Section H |

    3.    When do you expect to complete your discovery efforts?

| Plaintiff | Defendant |
|---|---|
| See Section H | See Section H |

    4.    What additional discovery do you require to prepare for trial?

| Plaintiff | Defendant |
|---|---|
| See Section H | See Section H |

**C.    TRIAL TIME:**

    1.    What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?

| Plaintiff | Defendant |
|---|---|
| 1-2 days | 1 day |

    2.    How many witnesses do you intend to call at trial (including opposing parties)?

| Plaintiff | Defendant |
|---|---|
| Unknown, but more than 3. | Unknown |

    3.    How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| Unknown. | Unknown |

*(Continued on next page)*

| In re | | CHAPTER 7 |
|---|---|---|
| MANMOHAN S. BIRING, | | CASE NO.: 2:07-bk-21006 SB |
| | Alleged Debtor(s). | ADV. NO.: 2:08-ap-01172 SB |

**D.  PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court.  [See Local Bankruptcy Rule 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<u>Petitioning Creditor</u>
Pre-trial conference <u>X</u> (is)/ __ (is not) requested.
Reasons: _____To narrow issues and documents_____

<u>Alleged Debtor</u>
Pre-trial conference <u>X</u> (is)/ __ (is not) requested.
Reasons: _same_____

<u>Petitioning Creditor</u>
Pre-trial conference should be set <u>after</u>:
(date)

<u>Alleged Debtor</u>
Pre-trial conference should be set <u>after</u>:
(date)

**E.  SETTLEMENT:**

1. What is the status of settlement efforts?

   See Section H.

2. Has this dispute been formally mediated? If so, when?    ☒ Yes    ☐ No

   A. October 2, 2008, with Michael Lubic.

   B. May 18, 2009 at 9th Circuit.

3. Do you want this matter sent to mediation at this time?

   <u>Plaintiff</u>                                     <u>Defendant</u>

   ☐ Yes    ☒ No                         ☐ Yes    ☒ No

*(Continued on next page)*

*Revised August 2005*  This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.   **F 7016-1.1**

Case 2:08-ap-01172-PC    Doc 23    Filed 04/23/10    Entered 04/23/10 15:30:15    Desc
Main Document    Joint Status Report    Page 4    Page 4 of 7

F 7016-1.1

| In re | | CHAPTER 7 |
|---|---|---|
| MANMOHAN S. BIRING, | | CASE NO.: 2:07-bk-21006 SB |
| | Alleged Debtor(s). | ADV. NO.: 2:08-ap-01172 SB |

**H.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:**  *(Use additional page if necessary.)*

    The parties have been working diligently to reach a settlement of this matter, and believe that they are close to resolving this adversary proceeding completely.  The settlement process has taken an extremely long time because it is difficult, if not impossible, for the Debtor to settle this matter unless he also reaches agreement with (a) the Trustee with respect to the complaint filed by the Trustee under §§ 542 and 727, and (b) creditor Sehgal Medical Corporation.  The Debtor has recently reached conditional settlement agreements with each of those parties.  However, there is still one more piece to this puzzle: In order to make the settlement with the Trustee and the potential settlement with creditor Dhawan work, the Trustee needs to reach a resolution with the IRS regarding the amount of its priority claim, which the IRS amended and increased by $100,000 in the middle of the parties' settlement discussions.

    The Parties have been informed that the Trustee has just reached an agreement with the IRS to reduce the IRS's claim.  The parties believe that the reduction of the IRS claim will likely free up enough cash to allow this matter to be settled very quickly.

    Accordingly, the Parties request that the Court set a continued status conference in this case approximately 45 days out to see what the status of settlement is and set further dates.

Respectfully submitted,

Dated:  April 23, 2010                                                                 Dated: April __, 2010

    LESNICK PRINCE LLP                                                  LAW OFFICES OF DAVID A. TILEM
*Firm Name*                                                                                  *Firm Name*

By:      /s/ Matthew A. Lesnick                                         By:      /s/ Barry S. Wegman

Name:      Matthew A. Lesnick                                       Name:      Barry S. Wegman

Attorney for:   Plaintiff Yogesh Dhawan                      Attorney for:   Defendant Manmohan S. Biring

Case 2:08-ap-01172-PC    Doc 23    Filed 04/23/10    Entered 04/23/10 15:30:15    Desc
Main Document    Page 5 of 7
Joint Status Report - Page 4

F 7016-1.1

| In re | | CHAPTER 7 |
|---|---|---|
| MANMOHAN S. BIRING, | | CASE NO.: 2:07-bk-21006 SB |
| | Alleged Debtor(s). | ADV. NO.: 2:08-ap-01172 SB |

**H.    ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary.)*

The parties have been working diligently to reach a settlement of this matter, and believe that they are close to resolving this adversary proceeding completely. The settlement process has taken an extremely long time because it is difficult, if not impossible, for the Debtor to settle this matter unless he also reaches agreement with (a) the Trustee with respect to the complaint filed by the Trustee under §§ 542 and 727, and (b) creditor Sehgal Medical Corporation. The Debtor has recently reached conditional settlement agreements with each of those parties. However, there is still one more piece to this puzzle: In order to make the settlement with the Trustee and the potential settlement with creditor Dhawan work, the Trustee needs to reach a resolution with the IRS regarding the amount of its priority claim, which the IRS amended and increased by $100,000 in the middle of the parties' settlement discussions.

The Parties have been informed that the Trustee has just reached an agreement with the IRS to reduce the IRS's claim. The parties believe that the reduction of the IRS claim will likely free up enough cash to allow this matter to be settled very quickly.

Accordingly, the Parties request that the Court set a continued status conference in this case approximately 45 days out to see what the status of settlement is and set further dates.

Respectfully submitted,

Dated: April 23, 2010                                                          Dated: April __, 2010

___LESNICK PRINCE LLP___                                          ___LAW OFFICES OF DAVID A. TILEM___
Firm Name                                                                          Firm Name

By:    ___/s/ Matthew A. Lesnick___                             By:    ___/s/ Barry S. Wegman___

Name:    ___Matthew A. Lesnick___                             Name:    ___Barry S. Wegman___

Attorney for: ___Plaintiff Yogesh Dhawan___             Attorney for: ___Defendant Manmohan S. Biring___

| | | |
|---|---|---|
| 1 | In re:<br>MANMOHAN SINGH BIRING | CHAPTER 7<br>CASE NO.: 2:07-bk-21006 SB |
| 2 | Debtor(s). | ADV. NO.: 2:08-ap-01172 SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

185 Pier Avenue, Suite 103, Santa Monica, CA 90405

The foregoing document described **JOINT STATUS REPORT LOCAL BANKRUPTCY RULE 7016-1(a)(2)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 23, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Matthew A Lesnick**    matt@lesnicklaw.com
- **David A Tilem**    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com; marcycarman@tilemlaw.com; ldiaz@tilemlaw.com; dianachau@tilemlaw.com; kmishigian@tilemlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Barry R Wegman**    barrywegman@tilemlaw.com, malissamurguia@tilemlaw.com; marcycarman@tilemlaw.com; ldiaz@tilemlaw.com; dianachau@tilemlaw.com; kmishigian@tilemlaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On April 23, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

<u>VIA U.S. MAIL</u>:
Hon. Samuel Bufford
U.S. Bankruptcy Court
255 E. Temple Street, Rm. 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

**[continued on next page]**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

1 | **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 23, 2010 | Matthew A. Lesnick | /s/ Matthew A. Lesnick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

LA/40325268.1