**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MANMOHAN S. BIRING,<br><br>              Debtor.<br><br>_____<br><br>YOGESH DHAWAN,<br><br>              Plaintiff,<br><br>v.<br><br>MANMOHAN S. BIRING,<br><br>              Defendant. | Case No. 2:07-bk-21006-PC<br><br>Adversary No. 2:08-ap-01172-PC<br><br>Chapter 7<br><br>**MEMORANDUM DECISION**<br><br>Date:  December 21, 2010<br>Time:  9:30 a.m.<br>Place:  United States Bankruptcy Court<br>         Courtroom # 1539<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

      Plaintiff, Yogesh Dhawan ("Dhawan") seeks a summary judgment against Defendant, Manmohan S. Biring ("Biring") determining that Biring's debt to Dhawan is nondischargeable under 11 U.S.C. § 523(a)(2).[1] The court, having considered the pleadings, evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and applied to adversary proceedings in bankruptcy cases.

I. STATEMENT OF FACTS

      On September 29, 2004, Dhawan filed a complaint in Case No. BC 322278, Dhawan v.

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("F.R.Civ.P."), which make applicable certain Federal Rules of Civil Procedure ("FRBP").

Healthwest, Inc.; Manmohan S. Biring, M.D., in the Superior Court of California, County of Los Angeles, alleging the following 13 causes of action against Biring and Healthwest, Inc.: (1) Fraud – Count One; (2) Fraudulent Inducement to Contract – Count One; (3) Negligent Misrepresentation; (4) Breach of Contract – Count One; (5) Breach of Covenant of Good Faith and Fair Dealing – Count One; (6) Breach of Contract – Count Two; (7) Breach of Covenant of Good Faith and Fair Dealing – Count Two; (8) Fraudulent Inducement to Contract – Count Two; (9) Fraud – Count Two; (10) Breach of Fiduciary Duty; (11) Unfair Competition Under California Common Law and Business and Professions Code §§ 17200 et seq.; (12) Unfair Business Practices Under California Common Law and Business and Professions Code §§ 17200 et seq.; and (13) Civil Conspiracy.[2] In his complaint, Dhawan claimed that Biring, individually and as a duly authorized officer of Healthwest, Inc., fraudulently induced him to invest in a franchise under which he would ostensibly receive the exclusive right to establish and operate medical spas, or medspas, in certain geographical areas of the state of California. According to the complaint, Biring, individually and as a duly authorized representative of Healthwest, Inc., induced Dhawan to invest in the franchise scheme through the following false representations:

 7. In 2003, Defendants represented to Plaintiff that Healthwest was authorized to sell a business model to Plaintiff that would allow Plaintiff to operate a medical spa in California.

 8. At an October 2003 presentation, Defendants provided Plaintiff with a copy of Healthwest's Uniform Franchise Offering Circular ("UFOC"). Defendants led Plaintiff to believe that the UFOC was accurate.

 9. Defendants also provided Plaintiff with copies of financial records of a competitor which Defendant represented were an approximation of what Plaintiff could expect if he entered into a business with Defendants.

 10. Defendants represented to Plaintiff that Healthwest's franchise application was pending before the California Department of Corporations and that the approval would be forthcoming.

---

[2] Dhawan sought damages against Biring and Healthwest, Inc., jointly and severally, for the First, Second, Third, Eighth, Ninth, Eleventh, Twelfth, and Thirteenth causes of action. Dhawan's Fourth, Fifth, Sixth, Seventh and Tenth causes of action were alleged against Healthwest, Inc., individually.

11. Defendants represented to Plaintiff that while Healthwest's franchise application was pending, Healthwest could and was in fact selling existing licenses.

12. Defendants represented to Plaintiff that Healthwest licenses would be converted to franchises when the franchise application was granted.

13. Defendants represented to Plaintiff that Healthwest had received a "favorable review" from the California Department of Corporations, and that Healthwest's franchise application would be granted in the near future.

14. Defendants represented to Plaintiff that the license/franchise territories were selling and in order to preserve Plaintiff's right to purchase franchises after the franchise application was granted, Plaintiff would have to purchase not only an existing license but also additional license options.

Declaration of Bren C. Connor, Exhibit 1, 3:1-22. Dhawan sought general, special, and punitive damages against Biring and Healthwest, Inc. in an unspecified amount.

Biring and Healthwest, Inc. were served with a summons and notice of the lawsuit, but failed to file an answer or to otherwise defend against the allegations contained in the complaint. On September 12, 2005, a hearing was conducted in the state court action at which time the default of Biring and Healthwest, Inc. was entered and Dhawan submitted evidence concerning the claims made the basis of his complaint and the damages resulting therefrom. On September 12, 2005, a Judgment Following Entry of Default and Prove-Up Hearing was signed and filed in the state court action which provides, in pertinent part:

> The Court has considered the oral testimony and other evidence presented by plaintiff Yogesh Dhawan ("Plaintiff"), including Plaintiff's written declaration and supporting exhibits submitted therewith, and consistent with this action and the evidence presented, finds that plaintiff Yogesh Dhawan has sustained damages as alleged in the complaint in the total amount of $1,924,008.00 as follows: 1) $85,000 for Mr. Dhawan's initial payment for the Torrance medspa and options pursuant to the License Agreement, which has been rendered useless by Defendants' misrepresentations and breaches of contract to aid in the operation of the Torrance medspa; 2) $225,000 for the lost value of the options on the three (3) territories (which were valued at $75,000 each, pursuant to both the parties' Option Agreement and Asset Purchase Agreement for which Mr. Dhawan was denied his opportunity to exercise the options due to the breaches and fraudulent conduct as evidenced and identified by the Department of Corporations; 3) $129,000 in the amount that Mr. Dhawan became obligated, and now remains obligated, on the promissory note executed in connection with the Asset Purchase Agreement, but which Defendants breached by failing to provide the assets promised; 4) $198,000 to purchase the equipment and other assets that should have been provided by Defendants "free and clear" pursuant to the Asset Purchase Agreement; 5) $245,343.64 in losses and additional expenditures for the Torrance medspa since the inception of the contract due to Defendants' failure to provide the support, training, and market efforts that had been

promised in both the Licensing Agreement and Marketing Agreement; 6) $510,000 in lost profits for the Torrance medspa over a three (3) year period (i.e., $170,000 per year); 7) $510,000 which represents the net income of $170,000 for one year for each of the three medspas that had been optioned as was set forth in the profit and loss statements which were used by Defendants to induce Mr. Dhawan's reliance; and 8) costs in the amount of $675, and 9) $20,000 in relocation and related expenses for Plaintiff's family.

**THEREFORE, JUDGMENT IS HEREBY ENTERED** forthwith, in favor of plaintiff Yogesh Dhawan and against defendants, Healthwest, Inc. and Manmohan S. Biring, M.D., jointly and severally, in the amount of $1,924,008.64.

Declaration of Bren C. Connor, Exhibit 3, 1:26 – 2:23. Biring filed his voluntary petition under chapter 7 on November 28, 2007.

On February 26, 2008, Dhawan timely filed his complaint in this adversary proceeding seeking a determination that his judgment against Dhawan is nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). Biring filed an answer to Dhawan's complaint on April 3, 2008. On November 15, 2010, Dhawan moved for summary judgment on his cause of action under 11 U.S.C. § 523(a)(2). On November 30, 2010, Biring filed his response in opposition to the motion. Dhawan filed his reply to Biring's opposition on December 7, 2010. After a hearing on December 21, 2010, the matter was taken under submission.[3]

II. DISCUSSION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a). To prevail under 11 U.S.C. § 523(a)(2)(A), (a)(4), or (a)(6), the plaintiff must establish the allegations of the complaint by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Objections to the dischargeability of a debt are to be literally and strictly construed against the objector and liberally construed in favor of the debtor. Quarre v. Saylor (In re Saylor), 108 F.3d 219, 221 (9th

---

[3] Biring's Evidentiary Objections in Support of Opposition to Motion for Summary Judgment, Objections 1, 2 and 4 based on hearsay are sustained. The balance of the objections are overruled. The court may consider the contents of a document that is the subject of judicial notice under F.R.Evid 201 for the truth of the matter asserted under any applicable exception to the hearsay rule.

- 4 -

Cir. 1997).

A. <u>Summary Judgment Standard</u>.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the [material] facts before the court." <u>Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.</u>, 18 F.3d 1468, 1471 (9th Cir. 1994). Under Rule 56(c), the moving party bears the initial burden to establish that there are no genuine issues of material fact to be decided at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-50 (1986). "A 'material fact' is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." <u>T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). Genuine issues of material fact are those "factual issues that make a difference to the potential outcome and 'that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" <u>Svob. v. Bryan (In re Bryan)</u>, 261 B.R. 240, 243 (9th Cir. BAP 2001) (<u>quoting</u> <u>Anderson</u>, 477 U.S. at 250). If the movant bears the burden of persuasion, the motion must be supported by evidence establishing the existence of each and every element essential to its case. See <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 43 F.3d 1311, 1315 (9th Cir. 1995), <u>cert. denied</u>, 516 U.S. 869 (1995).

The burden then shifts to the nonmoving party to produce "significantly probative evidence" of specific facts showing there is a genuine issue of material fact requiring a trial. <u>T.W. Elec. Serv.</u>, 809 F.2d at 630 (<u>citing</u> F.R.Civ.P. 56(e)). The nonmoving party cannot "withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue

for trial." In re Ikon Office Solutions, Inc., Sec. Lit., 277 F.3d 658, 666 (3d Cir. 2002). If the nonmoving party fails to establish a triable issue on an essential element of the movant's case, the moving party is entitled to judgment as a matter of law. See United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999).

B. Issue Preclusion.

    Issue preclusion applies to nondischargeability proceedings to bar the relitigation of factual issues that were determined in a prior state court action. Grogan, 498 U.S. at 284-85 n.11. Bankruptcy courts have discretion to apply collateral estoppel, or issue preclusion, in dischargeability proceedings. Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez), 367 B.R. 99, 107 (9th Cir. BAP 2007). The party asserting the doctrine of issue preclusion must establish that all of the threshold requirements have been met. Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996). To meet this burden, the moving party must identify the issues litigated in the prior action and introduce a record revealing the controlling facts. Kelly, 182 B.R. at 258. Reasonable doubts about what was decided in the prior action should be resolved against the party seeking preclusion. Id.

    California law determines the preclusive effect of a prior civil judgment entered in a California state court. California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001). California's doctrine of issue preclusion prevents relitigation of the specific issues argued and decided in the earlier proceeding, even where the second proceeding is held on a separate cause of action. Lucido v. Sup. Ct., 51 Cal.3d 335, 342 (Cal. 1990). To establish issue preclusion under California law, a party must establish that:

    1.    The issue sought to be precluded is identical to that decided in the prior action;

    2.    The issue was actually litigated in the prior proceeding;

    3.    The issue was necessarily decided in the prior proceeding;

1     4.     The decision in the prior proceeding is a valid and final judgment on the merits; and

2,3     5.     The party against whom preclusion is the same as, or in privity with, the party to the prior proceeding.

Lucido., 51 Cal. 3d at 341; see Lopez, 367 B.R. at 104 ("The doctrine is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple.").

C. Elements for Section 523(a)(2).

      Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt . . . for money, property, services, or an extension, renewal, or refinance of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) prevents the discharge of all liability arising from fraud, including both punitive and compensatory damages. Cohen v. De La Cruz, 118 S.Ct. 1212, 1219 (1998).

      To establish that a debt is nondischargeable under § 523(a)(2)(A), the creditor must show by a preponderance of the evidence that (a) debtor made a representation; (b) at the time, debtor knew the representation was false; (c) debtor made the representation with the intention and purpose of deceiving the creditor; (d) the creditor justifiably relied on the debtor's representation, and (e) the creditor sustained the alleged loss and damage as the proximate result of such representation. Diamond v. Kolcum (In re Diamond), 285 F.3d 822, 827 (9th Cir. 2002); Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000).

      "Justifiable reliance" is a subjective standard that takes into account the qualities and characteristics of the particular creditor and the circumstances of the particular case. Field v. Mans, 516 U.S. 59, 70-71 (1995). The debtor's knowledge and fraudulent intent may be shown by circumstantial evidence and inferred from the debtor's course of conduct. Tallant v. Kaufman (In re Tallant), 218 B.R. 58, 66 (9th Cir. BAP 1998). Cf. Devers v. Bank of Sheridan (In re

Devers), 759 F.2d 751, 753-54 (9th Cir. 1985).

D. <u>Summary Judgment as to Fraud</u>.

Biring does not dispute that he was a party to the state court action. Nor does he dispute that the state court action is a final judgment on the merits. Biring contends that the issues were not actually litigated because:

1. He "did not have the ability to retain counsel or represent himself competently in the state court;" and

2. "There are no express findings which establish that all of the Plaintiff's damages are caused by the alleged fraud," nor are there "findings of fact in the State Court Judgment which set forth that Defendant knew his representations were false when he made them" or an "express finding of intent to deceive."

Opposition to Motion for Summary Judgment, 8:15-27; 9:13-15.

1. <u>Biring Had a Full and Fair Opportunity to Litigate the State Court Default Judgment</u>.

Biring admits that he was served with the summons and complaint in the state court action. Opposition to Motion for Summary Judgment, 7:9-10. Biring conceded at the hearing that he neither sought seek relief from the default judgment nor appealed the judgment to a higher court. "In California, a default judgment satisfies the 'actually litigated' requirement for the application of collateral estoppel." <u>Younie v. Gonya (In re Younie)</u>, 211 B.R. 367, 375 (9th Cir. BAP 1997), <u>aff'd</u>, 163 F.3d 609 (9th Cir. 1998). Biring had actual knowledge of the existence of the litigation before the default judgment was entered, and therefore, a full and fair opportunity to litigate the allegations in Dhawan's complaint. A defendant who is served with a summons and complaint but who fails to respond "'is presumed to admit all of the facts which are well pleaded in the complaint.'" <u>Williams v. Williams (In re Williams)</u>, 36 Cal.2d 289, 223 P.2d 248, 252 (1950) (quoting <u>Brown v. Brown</u>, 170 Cal. 1, 147 P. 1168, 1170 (1915)). The fact that Biring believe that he was unable to retain counsel or to represent himself competently after receiving actual notice of the existence of the litigation does not prevent application of the

- 8 -

doctrine of issue preclusion. See Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1124 (9th Cir. 2003) ("Accordingly, because it is undisputed that Cantrell had actual knowledge of the default judgment during the two-year interval provided by Section 473.5, we follow the holding in Stone and conclude that Cantrell had a full and fair opportunity to litigate the state court default judgment.").

### 2. Issue Preclusion Bars Biring From Relitigating the Dhawan's Fraud Claim.

With respect to Biring's claim that issue preclusion is inapplicable based upon insufficient findings, the court believes that the Ninth Circuit's decision in Cantrell is dispositive. In Cantrell, Cal-Micro, Inc., the Cal-Micro, Inc. Employee Stock Option Plan, and the Pauline Countryman 1990 Trust (collectively, "Cal-Micro") filed a complaint against Gregory Cantrell ("Cantrell") in the California Superior Court alleging various claims, including a claim that Cantrell breached his fiduciary duties as an officer of Cal-Micro by expropriating funds and assets of the corporation and failing to use Cal-Micro's assets for the payment of corporate debts and operating expenses. 329 F.3d at 1122. Cantrell, who was served with the summons and complaint by publication, failed to answer and his default was entered by the state court. Id. On April 12, 1996, a default judgment was entered against Cantrell for $1,271,985 in compensatory damages, $10,000 in punitive damages, $4,670 in attorneys fees, and $463.75 in costs and interest. Id. The judgment was silent as to the particular causes of action alleged by Cal-Micro upon which the default judgment was predicated. Id.

Over two years later, Cantrell filed a motion seeking to set aside the default judgment. Cantrell's motion was denied by the state court on the grounds that the two-year limitations period provided by C.C.P. § 473.5 had expired. Id. When Cantrell filed a chapter 7 petition seeking to discharge the judgment, Cal-Micro filed a complaint to except the judgment from discharge under § 524(a)(4). Id. at 1123. Cal-Micro moved for summary judgment on its § 523(a)(4) claim, arguing that the bankruptcy court was required to give preclusive effect to the state court judgment against Cantrell. Id. Cantrell filed a cross-motion for summary judgment,

-9-

asserting that he was not a fiduciary within the meaning of § 523(a)(4) and that "the state court complaint, which supported the subsequent default judgment, merely alleged a breach of fiduciary duty while Cantrell served as an officer of Cal-Micro, and failed to state a cause of action under § 523(a)(4) for defalcation in a fiduciary capacity." Id. The bankruptcy court granted summary judgment for Cal-Micro. The Bankruptcy Appellate Panel ("BAP") reversed. Cantrell v. Cal-Micro, Inc. (In re Cantrell), 269 B.R. 413, 424 (9th Cir BAP 2001), rev'd, 329 F.3d 1119 (9th Cir. 2003). The Ninth Circuit reversed the decision of the BAP and remanded to the bankruptcy court, holding that "the state court entered a valid and final judgment that Cantrell engaged in fraudulent conduct in his capacity as an officer of Cal-Micro, and collateral estoppel bars him from re-litigating this issue in bankruptcy." Cantrell, 329 F.3d at 1125. In so holding, the Ninth Circuit observed:

> The second limitation, in the context of a default judgment, is that a decision has preclusive effect in later proceedings "only where the record shows an express finding upon the allegation" for which preclusion is sought. But, as we recognized in In re Harmon, "the express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue." In such circumstances, an express finding is not required because "if an issue was necessarily decided in a prior proceeding, it was actually litigated."

Id. at 1124 (citations omitted). The Ninth Circuit concluded that the express finding requirement could be waived with respect to Cal-Micro's judgment, stating:

> While the state court failed to make any express findings when it granted default judgment, Cal-Micro contends that the requirement was waived because the default judgment implicitly and necessarily decided that Cantrell breached his fiduciary duties to the corporation . . .
>
> In In re Harmon, we held that a defendant was not barred from litigating his alleged fraudulent conduct in a non-dischargeability action in bankruptcy because "the state court could have entered a default judgment . . . without finding that he had committed fraud." On this basis, Cantrell argues that he is not precluded from defending against the claims brought against him in Cal-Micro's non-dischargeability action.
>
> In re Harmon, however, did not involve punitive damages. In contrast, the state court here awarded Cal-Micro $10,000 on its claim for punitive damages. Under California law, a plaintiff may recover punitive damages "[i]n an action for breach of an obligation not arising from contract" upon a finding of oppression, fraud, or malice." Cal.Civ.Code § 3294(a). Therefore, in awarding punitive damages to Cal-Micro in the default judgment, the state court seemingly decided that Cantrell acted in a fraudulent manner while serving as a corporate officer to Cal-Micro and breached the fiduciary duties that he

- 10 -

1     owed to the corporation . . . .

2     Based on the record before the state court, however, we are convinced that the court's award of punitive damages could only have been based on claims that Cantrell
3     fraudulently withdrew and used Cal-Micro's corporate assets for his own use and benefit.

4 Id. at 1124-25 (citations omitted); see Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1248

5 (9th Cir. 2001) (noting that "the express finding requirement can be waived if the court in the

6 prior proceeding necessarily decided the issue").

7 At the hearing on September 12, 2005, the state court made specific findings of fact and

8 conclusions of law based on the evidence submitted in support of Dhawan's request for entry of a

9 default judgment against Biring and Healthwest, Inc. The state court's findings include the

10 following discussion regarding punitive damages:

11 THE COURT: All right. And did you – the punitive damages –

12 MR. CONNOR: Yes.

13 THE COURT: – Was that in your statement of damages?

14 MR. CONNOR: It was.

15 THE COURT: And what did you put?

16 MR. CONNOR: One million dollars.

17 Declaration of Bren C. Connor, Exhibit 4, 14:1-8. Following Dhawan's testimony, the following

18 finding was made by the state court regarding damages, including punitive damages:

19     THE COURT: So to summarize, the damages <u>will be awarded as requested</u> in the summary of damages starting on page 9, line 13, through page 10, line 22 as requested in
20     the Summary of Case for Default Prove-Up Hearing.

21     Specifically, 85,000 for the initial payment to the Torrance med spa.

22     Two, 225,000 for the lost value of the options on three territories, valued at $75,000 each.

23     $129,000 on the amount Mr. Dhawan became obligated on the promissory note executed after the purchase agreement. I'm trying to see if there was anything else, a separate
24     amount.

25     MR. CONNOR: No.

26     THE COURT: $198,990 to purchase the equipment that should have been provided by the defendant.

27

- 11 -

$245,342.64 losses on additional expenditures at the Torrance med spa from inception of the contract as set forth in Exhibit M.

Six, $510,000 in lost profits in the Torrance med spa over a three-year period at the rate of $170,000 per year.

Seven, $510,000 which represents the net income of $170,000 for one year for each of the three options set forth in the profit and loss statement.

$250,000 in emotional distress.

Costs of $675.

$1,000,000 in punitive damages.

Id. at 16:5 – 17:3 (emphasis added). The damage award reduced to judgment states that the damages are attributable to fraud, breach of contract, and misrepresentation.

In sum, Biring admitted the allegations of Dhawan's state court complaint by failing to respond, including Dhawan's allegations based on Biring's fraudulent representations and actual fraud. Biring had actual knowledge of the existence of the litigation before the default judgment was entered, and therefore, a full and fair opportunity to litigate the allegations in Dhawan's complaint. Biring was served with a copy of the Summary of Case for Default Prove-Up Hearing prior to the hearing on September 12, 2005. At the evidentiary hearing on September 12, 2005, the state court made a specific finding that Dhawan was entitled to an award of $1 million in punitive damages. As stated in Cantrell, punitive damages are recoverable under C.C.P. § 3294(a) only "[i]n an action for the breach of an obligation not arising from contract" upon a finding of "oppression, fraud, or malice." Cantrell, 329 F.3d at 1125. Furthermore, the state court's findings include a damages award to Dhawan of $250,000 for emotional distress. Damages for emotional distress is a tort remedy, and not recoverable for a simple breach of contract. See Erlich v. Menezes, 21 Cal.4th 543, 561 (Cal. 1999).[4] Biring did not seek relief of

---

[4] Notwithstanding the state court's finding that Dhawan was entitled to an award of $1 million in punitive damages and $250,00 in damages for emotional distress, these awards were omitted from the Judgment Following Entry of Default and Prove-Up Hearing dated September 12, 2005. Biring objected to the testimony of Bren Connor regarding the omission of such damages from

- 12 -

the trial court from the judgment. The judgment was not appealed.

Having considered Dhawan's judgment against Biring in light of Dhawan's state court complaint and the trial court's findings at the evidentiary hearing on September 12, 2005, the court is satisfied that (1) the issue of Biring's fraudulent conduct was necessarily decided in the state court litigation; (2) the state court entered a valid and final judgment that Biring engaged in fraudulent conduct, individually and in his capacity as an officer of Healthwest Inc.; and (3) that issue preclusion prevents him from re-litigating this issue in bankruptcy.

### III. CONCLUSION

For the reasons stated, Dhawan is entitled to a summary judgment against Biring on all elements of Dhawan's claim for relief against Biring under § 523(a)(2).

A separate order and judgment will be entered consistent with this opinion.

Dated: January 19, 2011

PETER H. CARROLL
United States Bankruptcy Judge

---

the judgment. However, Biring did not identify the variance between the state court's findings following the September 12th evidentiary hearing and the damages contained in the judgment as a genuine issue of material fact requiring a trial, nor has Biring produced significantly probative evidence of specific facts showing there is a genuine issue of material fact requiring a trial in this adversary proceeding.

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

### NOTE TO USERS OF THIS FORM:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) __MEMORANDUM DECISION__ was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of __01/19/11__, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- J Scott Bovitz   bovitz@bovitz-spitzer.com
- Matthew A Lesnick   matt@lesnicklaw.com
- David A Tilem   davidtilem@tilemlaw.com,
    malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Barry R Wegman   barrywegman@tilemlaw.com,
    malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Bren C Conner
Conner & Associates
212 Yacht Club Wy Ste 2
Redondo Beach, CA 90277

CAROLYN A DYE
3435 Wilshire Blvd.
Suite 990
Los Angeles, CA 90010-1901

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9021-1.1**